UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Yolanda Dean,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 97-276 (3) (MJD)

---

Jeffrey S. Paulsen and Michael L. Cheever, Assistant United States Attorneys, Counsel for Plaintiff.

Robert H. Meyers, Assistant Federal Defender, Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Section 404 of the First Step Act.

## I.    Background

Following a six-week jury trial, Defendant was convicted of multiple counts in the Third Superseding Indictment: Count 1, engaging in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848(a); Count 2, conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), Count 3, distribution of 4 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count

7, aiding and abetting distribution of 3 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count 9, aiding and abetting distribution of 3 ounces of cocaine, in violation 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Counts 34 and 35, use of a telephone in furtherance of drug trafficking, in violation of 21 U.S.C. § 843(b).

At sentencing, based on the evidence presented at trial, the Court found that Defendant was responsible for more than 150 kilograms of powder cocaine and over 1.5 kilograms of cocaine base. Pursuant to § 2D1.5, the base offense level for the CCE count was four plus the offense level from the underlying offense, which in this case was the drug conspiracy count. According to § 2D1.1, the offense level for 150 kilograms or more of cocaine and 1.5 kilograms or more of crack cocaine was 38, so the total offense level for the CCE count was determined to be 42. With a criminal history category III, the Court found the applicable guideline range was 360 months to life.

On December 14, 1998, Defendant was sentenced to a term of imprisonment of 360 months. Her convictions and sentences on counts 1, 3, 7, 9, 34 and 35 were affirmed on appeal. United States v. Jefferson, 215 F.3d 820 (8th Cir. 2000). However, because Defendant was convicted on both the CCE count

and the conspiracy count, which is a lesser included offense of the CCE count, the Eighth Circuit vacated her conviction on the drug conspiracy count on double jeopardy grounds. Id. at 823.

In 2002, Defendant moved to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 1295] The motion was denied. [Doc. No. 1388] In 2009, Defendant brought a motion for resentencing based on the retroactive amendment to the crack cocaine guidelines. [Doc. No. 1532] Defendant conceded that application of the amended guidelines resulted in the same guideline range but requested the Court to apply the offense level reduction. The motion was denied. [Doc. No. 1535]

On January 4, 2012, Defendant submitted a letter seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u) and the Fair Sentencing Act ("FSA"), which reduced the statutory penalties for offenses involving crack cocaine. [Doc. 1562] The motion was denied as Defendant's guideline range was not affected by the retroactive crack cocaine amendments, and because the Fair Sentencing Act was not retroactive. [Doc. No. 1568]

In February 2015, Defendant brought another motion to reduce her sentence based on amendments to the crack cocaine penalties and guidelines.

[Doc. No. 1637] That motion was also denied because the guideline range remained the same after applying the lower base offense level. [Doc. 1656] The Eighth Circuit affirmed on appeal. [Doc. No. 1661]

Now before the Court is Defendant's motion to reduce her sentence under the First Step Act.

## II.   Motion to Reduce Sentence

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010." Id. Section 2 of the Fair Sentencing Act of 2010 reduced the statutory mandatory minimum penalties for offenses involving cocaine base by raising the drug quantity threshold required to trigger a mandatory minimum term of imprisonment.

> The First Step Act further provides:
>
> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Id.

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).

**A.  Eligibility**

To be entitled to relief under the First Step Act, Defendant must demonstrate that she is currently serving a sentence for a "covered offense." Defendant was convicted of engaging in a CCE in violation of 21 U.S.C. § 848(a), and for that conviction she is serving a sentence of 360 months imprisonment.

A defendant has been convicted of a covered offense when "1) it is a violation of a federal criminal statute; 2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and 3) it was committed

5

before August 3, 2010." McDonald, 944 F.3d at 772 (finding defendant eligible for relief under the First Step Act even though the base offense level was driven by the quantity of cocaine, because underlying conviction also involved the distribution of crack cocaine).

Defendant argues that the Court should interpret the First Step Act broadly in order to further Congress' purpose of fixing unjust sentences by giving district courts discretion to reduce crack sentences. Further, Defendant argues that the CCE count is a covered offense. Defendant was convicted under 21 U.S.C. § 848. Section 848(b) is a sentencing factor that explicitly refers to § 841(b)(1)(B), which was modified by the Fair Sentencing Act.

Two recent circuit decisions support Defendant's broad interpretation of covered offense. In United States v. Smith, the First Circuit addressed whether a conviction under § 841(a)(1) and (b)(1)(C) is a covered offense under the First Step Act. 954 F.3d 446, 449 (1st Cir. 2020). The court found that the "federal criminal statute" in the First Step Act refers to § 841 as a whole, or § 841(a) which describes the conduct necessary to violate § 841, and that § 841(b) merely sets forth the penalties for that unlawful conduct. Id. The court next addressed the question of whether a conviction under § 841(b)(1)(C) is a covered offense. The

government had argued that as the Fair Sentencing Act did not literally change the text of § 841(b)(1)(C), the statutory penalties for that subsection were not modified. Id. at 450. The court rejected this argument.

> [Section] 841(b)(1)(C) applies to any "case of a controlled substance ... except as provided in subparagraphs (A), (B), and (D)." Since § 841(b)(1)(C) is defined in part by what § 841(b)(1)(A) and § 841(b)(1)(B) do not cover, a modification to the latter subsections also modifies the former by incorporation. In effect, § 841(b)(1)(C) set forth the penalties for quantities between zero and five grams of crack cocaine prior to the Fair Sentencing Act, and between zero and twenty-eight grams after. This is a modification. The fact that the prescribed sentencing range (zero to twenty years) under § 841(b)(1)(C) did not change is immaterial -- the Fair Sentencing Act did not change the mandatory minimum or maximum for violations of § 841(b)(1)(A) or § 841(b)(1)(B), either, only the threshold quantities.

Id. (internal citations omitted).

In United States v. Shaw, the Seventh Circuit interpreted the definition of a covered offense under the First Step Act by applying the "nearest-reasonable-referent canon" which presumes a modifier refers to the nearest reasonable referent. __ F.3d __, 2020 WL 2029258 at *2 (7th Cir. 2020). Applying this canon to the definition of covered offense, the court found the phrase "the statutory penalties for which were modified by Section 2" relates to "federal criminal statute" not "violation." Id. The court further held its interpretation was strengthened by the Fair Sentencing Act, which "did not modify the penalties on

an individual basis" but "broadly modified penalties for entire categories of offenses that include fixed aggravating elements, such as the wight of the drug." Id. Thus, "[t]o determine whether a defendant is eligible for a reduced sentence under the First Step Act, a court needs to look only at a defendant's statute of conviction, not to the quantities of crack involved in the offense." Id. at * 1.

This reasoning was applied in United States v. Jimenez, 2020 WL 2087748, at *2 (S.D.N.Y. Apr. 30, 2020). There, the district court held that as Section 2 of the Fair Sentencing Act increased the weight of crack cocaine that triggered the mandatory life sentence set forth in § 848(b), a defendant convicted under § 848 was eligible for relief under the First Step Act.

Applying this broad interpretation here, the Court finds that Defendant was convicted of a covered offense under the First Step Act. There is no question that the conduct underlying this conviction involved the distribution of crack cocaine, and the statute of conviction was modified under the Fair Sentencing Act. Accordingly, she is eligible for relief under the First Step Act.

### B. Whether a Sentence Reduction is Warranted

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of

imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In deciding whether to exercise its discretion to reduce Defendant's sentence, the Court considers the current guideline calculations, the applicable statutory penalties and the factors set forth in § 3553(a). See United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019) (court may consider post-sentencing rehabilitation and other § 3553 factors when deciding whether to exercise discretion and reduce sentence under the First Step Act); United States v. Lewis, __ F. Supp.3d __, 2020 WL 128580, at * 31 (D. N.M. Jan. 10, 2020); United States v. Boulding, 379 F. Supp. 3d 646, 654 (W.D. Mich. 2019); United States v. Delaney, 6:08-CR-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (citing Dillon v. United States, 560 U.S. 817, 826 (2010)).

The statutory range for the CCE count of conviction is 20 years to life in prison. Applying the 2018 Guidelines Manual, Defendant's total offense level is 40, and with a criminal history category III, the applicable advisory guideline range is 360 months to life in prison. Because the sentencing guidelines are no longer mandatory, the Court now has the discretion to vary from that guideline range. In deciding whether a variance is warranted, the Court will consider those factors set forth in 18 U.S.C. § 3553(a).

To date, Defendant has served over 21 years of her 30 year sentence. Defendant has thus served more than the applicable statutory mandatory minimum sentence set forth in 21 U.S.C. § 848(a).  BOP records indicate that her projected good conduct release date is July 28, 2023 and she is eligible for home confinement on January 28, 2023.

The Court finds that a sentence of time served is an appropriate sentence and takes into consideration the relevant § 3553(a) factors.  Such a sentence reflects the nature and circumstances of the offense, which involved the distribution of large amounts of cocaine and crack cocaine, as well as the history and characteristics of this Defendant.  It also reflects the seriousness of the offense of conviction and promotes respect for the law.   Such a sentence will also provide adequate deterrence to criminal conduct and it will protect the public from further crimes.  A sentence of time-served further avoids unwarranted sentence disparities among defendants with similar records who have been found guilty of violations under § 848(a).

With regard to post-sentencing conduct, the U.S. Probation Office has provided the Court a report concerning Defendant's prison adjustment. Throughout her 20 plus years in prison she has incurred some disciplinary

violations but has incurred no violations since 2014.  She has maintained employment throughout her incarceration, with the exception of a few periods of unassigned work, and she has obtained her GED and has participated in many programs, completed the financial responsibility program, earned a customer service certificate and has enrolled in post-secondary education courses.

The Court further notes that Defendant is now 50 years old; an age in which the U.S. Sentencing Commission has found that recidivism rate begins to decline substantially.  United States v. Tucker, 356 F.Supp.3d 808, 810 (S.D. Iowa 2019) (citing U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders at 22 (2017), https://www.ussc.gov/researvh/research-reports/effects-aging-recidivism-among-federal-offenders.)

Based on the above, the Court finds a sentence of time served is appropriate.

IT IS HEREBY ORDERED that:

1. Defendant's Motion under the First Step Act [Doc. No. 1701] is GRANTED;

2. Defendant's sentence is reduced from 360 months to time served; and

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect.

Date:   May 18, 2020

                                     s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court